IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSTANTINE PETER BELER, | : |
| Plaintiff, | : |
| vs. | : No: |
| THE DISTRICT OF COLUMBIA, KIMBERLY JOHNSON, individually and in her official capacity, CECILIA STEINER-SMITH, individually and in her official capacity, SIERRA SILVA, individually and in her official capacity, | : JUDGE: <br> : CIVIL ACTION – LAW <br> : **JURY TRIAL DEMANDED** |
| Defendants. | : |

## COMPLAINT

**AND NOW** comes Plaintiff Constantine Peter Beler ("Mr. Beler"), by and through undersigned counsel, and for his Complaint against Defendants, the District of Columbia ("the District"), Kimberly Johnson, Cecilia Steiner-Smith, and Sierra Silva (collectively, "Defendants"), states as follows:

### INTRODUCTION

1. This is a complaint for declaratory judgment, injunctive relief, and nominal, actual and punitive damages for claims arising from Defendants' treatment of Mr. Beler in connection with the District's complaint against Mr. Beler's long-term companion, Elizabeth K. Sofikitis a.k.a. Ann King ("Ms. Sofikitis"), for her alleged abuse of Mr. Beler.

2. Furthermore, the District's Criminal Abuse, Neglect and Financial Exploitation of Vulnerable Adults and the Elderly Act, D.C. Official Code §§ 22-933.01 and 22-937, is facially unconstitutional and unconstitutional as applied to Mr. Beler under the First and Fifth Amendments.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(1), 1343(a)(3) and 1343(a)(4), 42 U.S.C. §1983, and the First and Fifth Amendments to the United States Constitution.

4.  The venue for this action properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in the District of Columbia.

## PARTIES

5.  Plaintiff, Constantine Peter Beler, is an adult individual currently residing at 700 New Hampshire Ave, N.W., Washington, D.C., 20037.

6.  Defendant, District of Columbia, is a political subdivision of the United States of America, and is a "person" within the meaning of 42 U.S.C. § 1983, and is capable of suing and being sued.

7.  Defendant, Kimberly Johnson is Chief of the Government Contracts Section employed by the Attorney General for the District of Columbia, located at One Judiciary Square, 441 Fourth Street, N.W., Suite 1180 North, Washington, D.C., 20001. Defendant Johnson is being sued in her individual and official capacities.

8.  Defendant, Cecilia Steiner-Smith, is an Assistant Attorney General employed by the Attorney General for the District of Columbia, located at One Judiciary Square, 441 Fourth Street, N.W., Suite 1180 North, Washington, D.C., 20001. Defendant Steiner-Smith is being sued in her individual and official capacities.

9.  Defendant, Sierra Silva is a social worker employed by the District of Columbia Department of Human Services, located at 64 New York Avenue, N.E., 4th Floor, Washington, D.C., 20002. Defendant Silva is being sued in her individual and official capacities.

## BACKGROUND

10. Mr. Beler is 89-years old and resides at the Watergate in Washington, D.C., with his domestic partner, Elizabeth K. Sofikitis a.k.a. Ann King ("Ms. Sofikitis"), who has been his constant companion since approximately 2012.

11. Mr. Beler's closest relative is his son Peter Hill Beler who has lived at the Watergate in a different apartment. Mr. Beler has no other children and is not married.

12. After graduating from the University of Virginia and the law school at the University of Maryland, Mr. Beler decided to enter the restaurant business opening the first Prime Rib Restaurant in Baltimore, Maryland.

13. Mr. Beler has significant assets. He is the majority owner of The Prime Rib restaurant with locations in Washington, D.C., Baltimore, Maryland, and Philadelphia, Pennsylvania, and owns thoroughbred race horses, two condominiums in downtown Washington, D.C., and an apartment in New York City, New York.

14. Mr. Beler owns 97% of The Prime Rib in Baltimore, and a majority share of approximately 85% in The Prime Rib restaurants in Philadelphia and Washington, D.C. Garth Weldon owns a minority share of approximately 15% in The Prime Rib in Philadelphia.

15. On or about July 20, 2018, Mr. Beler retained the services of Washington, D.C., lawyer, John H. Quinn, Jr., to assist him in the management of his affairs, upon referral by Joseph diGenova, a former U.S. Attorney and friend of Mr. Beler's. Mr. Beler later executed a power of attorney granting Mr. Quinn authority to act on his behalf. A copy of said power of attorney is attached hereto as Exhibit "A".

16. At the same time, Mr. Beler also designated a relative and an attorney, Rebecca Dolan, as attorney in fact to act on his behalf.

17. Prior to retaining Mr. Quinn, Mr. Beler had terminated the services of his prior attorneys, James Hanks, Jr., and Jeffrey Gonya of Venable, LLP. Mr. Beler had been displeased with Mr. Hanks' and Mr. Gonya's services for a long period of time and, on at least one occasion in December 2017, communicated to them that he did not want them to proceed with their services.

18. After being retained by Mr. Beler, Mr. Quinn and Ms. Dolan began to look into Mr. Beler's financial affairs and requested records from Mr. Gonya at Venable and also his accountant, Steve Rostek. Neither Mr. Gonya nor Mr. Rostek fully complied with the requests for Mr. Beler's information and records, however.

19. Although they did not receive comprehensive records, Mr. Quinn and Ms. Dolan did find cause to be concerned about the possible financial and other abuse or neglect at the hands of some of the prior professionals who were supposed to be assisting in the management of his affairs.

    **A.**    **Actions of the District of Columbia.**

20. While Mr. Quinn and Ms. Dolan were attempting to take appropriate action for Mr. Beler's benefit and account, the District of Columbia took action to seize control of Mr. Beler's assets under the District's Criminal Abuse, Neglect and Financial Exploitation of Vulnerable Adults and the Elderly Act, D.C. Official Code §§ 22-933.01 and 22-937, a copy of which is attached hereto as Exhibit "B". The District also immediately froze Mr. Beler's principal financial accounts restricting his ability to pay normal household bills or retain legal representation to defend himself.

21. The basic thrust of the case was that Mr. Beler was being financially exploited by Ms. Sofikitis but failed to note that Mr. Beler had been involved in a long-term, live in

relationship for years before any alleged infirmity. The District also failed to note that most of the gifts given to Ms. Sofikitis were given prior to any alleged infirmity.

22. The Complaint was false and was either known to be false or filed with a reckless disregard for the truth. In fact, the Complaint was filed by the District without interviewing Mr. Beler or his attorneys who were known to the Defendants as Mr. Beler's attorneys or otherwise attempting to ascertain his wishes. Specifically:

a. The District falsely stated that Ms. Sofikitis facilitated the engagement of the services of Mr. Quinn and Ms. Dolan;

b. The District falsely stated that Ms. Sofikitis facilitated the execution of a Power of Attorney naming Mr. Quinn and Ms. Dolan as Mr. Beler's attorneys in fact;

c. The District falsely stated that Mr. Quinn had notice of Mr. Beler's alleged mental incapacity prior to executing the Power of Attorney;

d. The District falsely stated that Ms. Sofikitis influenced Mr. Beler to terminate James MacLeod as the General Manager of The Prime Rib;

e. The District falsely stated that Ms. Sofikitis facilitated the engagement of the services of the Law Firm of diGenova & Toensing, LLP;

f. The District falsely stated that Ms. Sofikitis used undue influence with the intent to deprive Mr. Beler of his money to benefit Dean BeLer;

g. The District falsely stated that Dean BeLer has no prior experience in the restaurant business;

h. The District falsely stated that Ms. Sofikitis influenced Mr. Beler to sign a contract hiring Dean BeLer as interim General Manager;

5

    i. The District falsely stated that Ms. Sofikitis influenced Mr. Beler to make amendments to his Last Will and Testament and to a Trust Agreement; and

    j. The District falsely stated that Ms. Sofikitis used deception, intimidation or undue influence to obtain money from Mr. Beler.

23. It appears that the District's actions were motivated, at least in part, by the unsubstantiated allegations of Mr. Weldon, an individual who was then in a dispute with Mr. Beler. In fact, the first time that Mr. Quinn met with representatives of the District on December 13, 2018, the meeting was at the offices of William Murphy at Zuckerman Spaeder. Mr. Murphy actually represents Mr. Weldon in the business dispute with Mr. Beler.

24. Since at least in or around 2012, Mr. Weldon, who, at the time, was in a rehabilitation center for substance abuse, has presented with behavior which caused Mr. Beler to distrust him and doubt his abilities to act in a managerial role across locations of The Prime Rib restaurant. Examples of such behavior are as follows:

    a. Mr. Weldon has come to The Prime Rib in Washington, D.C., more than "occasionally" in any given period of time and inserted himself in the business operations of that location. On multiple occasions, and most recently in October 2018, Mr. Beler would direct Mr. Weldon to go back to Philadelphia and concern himself with the operations there;

    b. Mr. Weldon would make decisions regarding menu, pricing, and other issues concerning the restaurant without consulting with Mr. Beler;

    c. Mr. Weldon unilaterally invited Executive Chef Santiago Cisneros of The Prime Rib in Washington, D.C., to stay at the Warwick Hotel in Philadelphia at The Prime Rib's expense without consulting with Mr. Beler;

      d. Mr. Weldon requested that Mr. Beler be excluded from conference calls concerning the restaurant;

      e. Mr. Weldon would travel to The Prime Rib in Baltimore and insert himself in the running of the restaurant, even though he is not an owner there;

      f. Mr. Weldon would use an apartment rental of The Prime Rib at The President Condominiums in Washington, D.C., for personal use. In or around 2014, Mr. Beler discontinued the apartment rental because he did not feel that Mr. Weldon's use of the apartment was a legitimate business expense;

      g. Staff of The Prime Rib, including a former employee in The Prime Rib in Philadelphia, would report performance concerns related to Mr. Weldon's recurring substance abuse;

      h. Mr. Weldon gave himself a raise for his managerial role in Philadelphia without notifying or seeking the consent of Mr. Beler. A bookkeeper in Philadelphia notified Mr. Beler.

25. Because of his sub-par performance, Mr. Beler decided directed Mr. Weldon to return to Philadelphia and manage the restaurant there.

26. In or around September, 2018, Mr. Beler terminated James MacLeod as the General Manager of The Prime Rib in Washington.

27. On or around November 7, 2018, Mr. Beler executed a contract with his cousin, Dean BeLer, to serve as interim General Manager of The Prime Rib in Washington.

**B.    The District's Action Against Elizabeth K. King.**

28.    On November 28, 2018, the District filed a complaint against Ms. Sofikitis under the District's Criminal Abuse, Neglect and Financial Exploitation of Vulnerable Adults and Elderly Act, D.C. Official Code §§ 22-933.01 and 22-937.

29.    Under the statute, the District is permitted to take control of a citizen's financial affairs and determine who he or she can live with without notice or an opportunity to be heard.

30.    The Guardianship, Protective Proceedings and Durable Power of Attorney Act of 1986, D.C. Code §§ 21-2001-2085 ("Guardianship Act"), provides a system for managing and protecting the estates of protected individuals while also safeguarding the individual's constitutional rights by requiring the moving party to present clear and convincing evidence that the appointment of a guardian or conservator is warranted and by guaranteeing that the individual is represented by counsel.

31.    The District had the option, but purposefully chose not to proceed on the basis of the Guardianship Act to limit Mr. Beler's ability to defend himself.

32.    Therefore, the District sought (and obtained) control over Mr. Beler's financial affairs even though Mr. Beler was not a party to the action.

33.    The District alleged that Ms. Sofikitis, amongst other things, used undue influence to direct Mr. Beler's decision-making with regard to his restaurant business and to deprive Mr. Beler of his assets for her own benefit and for the benefit of others.

34.    The District requested the Superior Court to order that Ms. Sofikitis immediately vacate her home at Mr. Beler's residence, stay at least 100 yards away from Mr. Beler, his vehicles and condominiums, and The Prime Rib restaurant located at 2020 K Street, N.W., Washington, D.C., 20006.

35. Furthermore, the District requested the court to permanently enjoin any person or entity from acting in furtherance of all contracts and other legal instruments executed by or on behalf of Mr. Beler after September 24, 2018, including, the Power of Attorney, executed by Mr. Beler on November 6, 2018, in favor of Mr. Quinn and Ms. Dolan, and also the contract between Mr. Beler and Dean BeLer. The District also requested the court to enjoin from sale or transfer Mr. Beler's real property until further order of the court.

36. On December 19, 2018, Defendants Cecilia Steiner-Smith and Sierra Silva interviewed Mr. Beler in connection with the lawsuit against Ms. Sofikitis, asking him inappropriate questions, such as, what the age difference between Mr. Beler and Ms. Sofikitis was and whether Mr. Beler or his agents conducted a criminal background check of Ms. Sofikitis

37. On December 20, 2018, a hearing was scheduled before the Superior Court presided by the Honorable Geoffrey M. Alprin. The court continued the hearing, but temporarily granted the District's requests to appoint a temporary conservator to handle Mr. Beler's financial affairs, and to order Ms. Sofikitis to stay away from The Prime Rib restaurant in Washington, D.C. The court further asked that Mr. Weldon temporarily act as General Manager of The Prime Rib restaurants, thereby, interfering with Mr. Beler's right to transact his business.

38. Mr. Beler was not present at the hearing and was not given notice of the hearing or any other opportunity to be heard.

39. Undersigned counsel was present at the hearing on Mr. Beler's behalf but was not permitted to participate in the hearing because Mr. Beler was not named as a party in the District's complaint.

40. On January 4, 2019, another hearing was scheduled before the Superior Court presided by the Honorable Robert S. Tignor on the District's motion to amend the December 20, 2018 order of the court.

41. Again Mr. Beler was not given notice of this hearing or any other opportunity to be heard.

**COUNT I**
**42 U.S.C. § 1983**
<u>**Violation of Substantive Due Process**</u>
**The District of Columbia, Kimberly Johnson, Cecilia Steiner-Smith, Sierra Silva**

42. Paragraphs 1 through 41 are incorporated herein by reference as if fully restated.

43. At the time Defendants filed the complaint against Ms. Sofikitis, they did not have a reasonable suspicion that Ms. Sofikitis unduly influenced Mr. Beler. In fact, Ms. Sofikitis has no signatory authority over any of Mr. Beler's personal or business accounts, she has no participation in the hiring or termination of any of Mr. Beler's attorneys, business partners or employees, and does not conduct any other business transactions on Mr. Beler's behalf.

44. Ms. Sofikitis is Mr. Beler's long-term companion, who cooks for Mr. Beler, helps him with his medication, and chauffeurs him to appointments.

45. Defendants harmed Mr. Beler and continue to harm him in the following manner:

   a. By taking away Mr. Beler's ability to make employment decisions for his restaurant;

   b. By taking away Mr. Beler's ability to manage his business and personal financial affairs resulting in late payments and fees;

   c. By taking away Mr. Beler's ability to change professionals who represent him;

      d. By seeking to have a third party of their choosing inserted in Mr. Beler's business and personal financial affairs;

      e. By assigning observers to his residence 24/7 without his consent and interfering with his health management decisions, including his selection of medical professionals;

      f. By seeking to interfere with Mr. Beler's personal relationship with Ms. Sofikitis; and

      g. By seeking to interfere with Mr. Beler's relationship with his son.

46. Defendants caused Mr. Beler's financial affairs to be restricted even though they had no legal right to do so. In doing so, they acted in an arbitrary and capricious manner in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

WHEREFORE, Plaintiff, Constantine Peter Beler demands judgment in his favor and against the Defendants, the District of Columbia, Kimberly Johnson, Cecilia Steiner-Smith, and Sierra Silva.

**COUNT II**

**42 U.S.C. § 1983**

**Unconstitutionality of Statute**

<u>**Violation of Procedural Due Process**</u>

**The District of Columbia, Kimberly Johnson, Cecilia Steiner-Smith, Sierra Silva**

47. Paragraphs 1 through 46 are incorporated herein by reference as if fully restated.

48. The District's Criminal Abuse, Neglect and Financial Exploitation of Vulnerable Adults and Elderly Act, D.C. Official Code §§ 22-933.01 and 22-937 is facially unconstitutional and unconstitutional as applied to Mr. Beler in that it allows the District to seize property and interfere with constitutional rights without notice or an opportunity to be heard.

49. The Fifth Amendment to the U.S. Constitution guarantees individuals whose assets have been restricted notice of a hearing and the right to participate in the hearing itself.

50. Defendants deprived Mr. Beler of his fundamental liberty interests by not informing Mr. Beler of his procedural rights and protections and limiting his rights by not providing notice and prohibiting access to hearings.

51. Defendants subverted these procedural due process guarantees by:

   a. Placing false and misleading information into the complaint filed with the Superior Court for the District of Columbia in order to manage Mr. Beler's personal and business affairs;

   b. By denying Mr. Beler the right to be heard or to present any evidence in his defense;

WHEREFORE, Plaintiff, Constantine Peter Beler demands judgment in his favor and against the Defendants, the District of Columbia, Kimberly Johnson, Cecilia Steiner-Smith, and Sierra Silva.

## COUNT III
## 42 U.S.C. § 1983
### *Monell* Claim
**The District of Columbia, Kimberly Johnson, Cecilia Steiner-Smith, Sierra Silva**

52. Paragraphs 1 through 51 are incorporated herein by reference as if fully restated.

53. The District developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of elderly persons in the District of Columbia, which caused the violation of Mr. Beler's rights.

54. The District developed and maintained policies or customs to restrict and direct the management of elderly persons' personal and business affairs disregarding the constitutional rights of the elderly persons.

55. It was the policy and/or custom of the District to fail to exercise reasonable care in investigating allegations of elderly abuse and neglect, including in this instance, thereby failing to adequately prevent constitutional violations on the part of its employees.

56. It was the policy and/or custom of the District to inadequately supervise and train its employees, including the individual Defendants in this case, thereby failing to adequately discourage further constitutional violations on the part of its employees.

57. As a result of these policies and/or customs Defendants Johnson, Steiner-Smith, and Silva, including the District, believed that their actions would not be properly monitored and that their misconduct would not be investigated or reprimanded, but would be tolerated.

58. These policies and/or customs demonstrate a deliberate indifference on the part of the District to the constitutional rights of elderly persons in the District of Columbia, and were the cause of the violations of Mr. Beler's rights alleged herein.

WHEREFORE, Plaintiff, Constantine Peter Beler demands judgment in his favor and against the Defendants, the District of Columbia, Kimberly Johnson, Cecilia Steiner-Smith, and Sierra Silva.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Constantine Peter Beler, respectfully requests judgment as follows:

A.  That this Court render a Declaratory Judgment stating that the actions of the Defendants in placing restrictions on Mr. Beler's personal and business affairs, were unconstitutional under the United States Constitution and under federal law;

B.  That this Court temporarily and permanently enjoin the District of Columbia from placing restrictions on elderly persons' personal and business affairs unless there is a reasonable suspicion that the elderly person has been abused or is in imminent danger of abuse, and the elderly person is given notice of the proceeding and is represented at the hearing or given an opportunity to present evidence in his or her defense.

C.  That this Court award nominal and compensatory damages to the Plaintiff;

D.  That this Court award punitive damages to the Plaintiff;

E.  That this Court award Plaintiff's costs and expenses of this action, including reasonable attorney's fees, in accordance with 42 U.S.C. § 1988 and other applicable law; and,

F.  Any other action which this Court deems appropriate.

Respectfully Submitted,

/s/ Dennis E. Boyle
Dennis E. Boyle, Esquire (D.C. Bar # 1017256)
Blerina Jasari, Esquire (*Pro Hac Vice Forthcoming*)
Whiteford Taylor & Preston LLP
1800 M Street, NW, Suite 450 N
Washington, D.C. 20036
Telephone: (202) 659-6808
Email: dboyle@wtplaw.com

/s/ John H. Quinn, Jr.
John H. Quinn, Jr., Esquire (D.C. Bar #34959)
Robert A. Gazzola, Esquire (D.C. Bar #386802)
Francisca I. Otero, Esquire (D.C. Bar #474879)
Patrick M. Klemz, Esquire (D.C. Bar #1044705)
Quinn, Racusin & Gazzola Chartered
888 17th Street, NW, Suite 640
Washington, D.C. 20006
Telephone: (202) 842-9300

Email: jhq@qrglawfirm.com

*Counsel for Plaintiff*

Dated: January 11, 2019